1
2
3
4
5
6           UNITED STATES DISTRICT COURT
7                 DISTRICT OF NEVADA
8                        * * *
9    CODIE MS WALKER,                    | Case No. 3:18-cv-00154-MMD-VPC
10                        Petitioner,     |          ORDER
11                  v.
     RENEE BAKER, *et al.*,
12
                         Respondents.
13

14          Petitioner Codie MS Walker submitted a petition for a writ of habeas corpus and a

15   statement of additional claims and has now paid the filing fee. (*See* ECF Nos. 1-1, 3, 9.)

16   The Court has reviewed the Petition and the statement of additional claims pursuant to

17   Habeas Rule 4 and it will be docketed and served on Respondents.

18          A petition for federal habeas corpus should include all claims for relief of which a

19   petitioner is aware. If Petitioner fails to include such a claim in his Petition, he may be

20   forever barred from seeking federal habeas relief upon that claim. See 28 U.S.C. §

21   2254(b) (successive petitions). If Petitioner is aware of any claim not included in his

22   Petition, he should notify the Court of that as soon as possible, perhaps by means of a

23   motion to amend his Petition to add the claim.

24          Walker has also filed a motion for appointment of counsel. (ECF No. 5.) There is

25   no constitutional right to appointed counsel for a federal habeas corpus proceeding.

26   *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428

27   (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v.*

28   *Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th

Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). Here, Walker points out that he is serving a sentence of twenty to fifty years. However, his Petition clearly presents the issues that he wishes to raise, and the legal issues do not appear to be particularly complex. Therefore, counsel is not justified. Walker's motion is denied.

It is therefore ordered that the Clerk file and electronically serve the Petition (ECF No. 1-1) and the statement of additional claims (ECF No. 3) on Respondents. The Petition and the statement of additional claims shall together constitute the Petition.

It is further ordered that Respondents file a response to the Petition, including potentially by motion to dismiss, within ninety (90) days of service of the Petition, with any requests for relief by Petitioner by motion otherwise being subject to the normal briefing schedule under the local rules. Any response filed must comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

It is further ordered that any procedural defenses raised by Respondents in this case must be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either *in seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including

exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Petitioner will have forty-five (45) days from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by Respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

It is further ordered that any additional state court record exhibits filed herein by either Petitioner or Respondents must be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number or numbers of the exhibits in the attachment.

It is further ordered that the parties must send paper courtesy copies of all exhibits to Clerk of Court, Attn: Staff Attorney, 400 S. Virginia St., Reno, NV, 89501. Additionally, in the future, all parties must provide courtesy copies of any additional exhibits submitted to the Court in this case, in the manner described above.

It is further ordered that Petitioner's motion for appointment of counsel (ECF No. 5) is denied.

It is further ordered that Petitioner's motion for enlargement of time to pay the filing fee (ECF No. 7) is granted *nunc pro tunc*.

DATED THIS 22nd day of June 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE