# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CODIE MS WALKER, | Case No. 3:18-cv-00154-MMD-CBC |
| Petitioner, | ORDER |
| v. | |
| RENEE BAKER, *et al.*, | |
| Respondents. | |

This pro se habeas matter under 28 U.S.C. § 2254 is before the Court on Respondents' motion to dismiss several grounds in Codie Walker's Petition (ECF No. 21). Walker did not oppose or respond to the motion in any way.

**I.   PROCEDURAL HISTORY AND BACKGROUND**

On September 25, 2012, a jury found Walker guilty of first-degree murder (ECF No. 30-13 (Ex. 71)).[1] The state district court sentenced him to a term of 20 to 50 years in prison. (ECF No. 31-5 (Ex. 82).) Judgment of conviction was entered on November 30, 2012. (ECF No. 31-6 (Ex. 83).)

The Nevada Supreme Court affirmed Walker's conviction in April 2014. (ECF No. 32-24 (Ex. 139).) The Nevada Court of Appeals affirmed the denial of Walker's state postconviction petition in March 2018. (ECF No. 47-4 (Ex. 207).)

Walker dispatched his federal habeas petition for filing on April 10, 2018 (ECF No. 11). Respondents have moved to dismiss the Petition and the statement of additional claims (ECF Nos. 11, 12) on the basis that many claims are unexhausted or conclusory (ECF No. 21).

///

///

---

[1] The exhibits referenced in this order are exhibits to Respondents' motion to dismiss (ECF No. 21), and are found at ECF Nos. 22-25, 27-47.

## II. LEGAL STANDARDS & ANALYSIS

### A. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); *see also* 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose*, 455 U.S. at 520). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

///

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. Cal. Dep't of Corr.*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

Respondents assert that Walker did not present any of the following claims to the highest state court and that they are, therefore, unexhausted (ECF No. 21 at 6-8):

- Claim 4: Walker argues that the statute under which he was prosecuted lacked an enacting clause in violation of his Fifth, Sixth, and Fourteenth Amendment rights (ECF No. 12 at 2).[2]
- Claim 6: Walker contends that the prosecutor engaged in misconduct by incorrectly stating to the jury that Walker had no remorse. *Id.*
- Claim 7: Walker asserts that the trial court and the State both failed to have a medical professional evaluate Walker's competency or mental health. *Id.*
- Claim 8: Walker contends that he was never tested to see if he was under the influence either during the altercation with the victim or during the police interrogation. *Id.* at 2-3.
- Claim 9: Walker argues that his trial counsel was ineffective for failing to develop and present his theory of the case, which contradicted the State's theory. *Id.* at 3.
- Claim 10: Walker asserts that his co-defendant Johnson was willing to testify favorably for him, and Johnson would have testified that they had not discussed entering the residence to hurt the victim; that Johnson acted on his own accord and Walker had nothing to do with initiating the fight; and that it was Johnson's

---

[2]Walker labels the claims in his petition as "Grounds" 1-6 (ECF No. 11), and he labels the claims in his statement of additional claims as "Claims" 1-14 (ECF No. 12). Respondents follow this labeling and, in an effort to avoid further confusion, the Court does as well.

3

own intent to fight. *Id.* at 3. Walker argues that his Fifth, Sixth, and Fourteenth Amendment due process rights were violated. *Id.*

- Claim 14: Walker contends that his counsel was ineffective for failing to file a motion notwithstanding the verdict and failing to raise the issue on direct appeal. *Id.* at 4.

Walker did not present any of these claims to the highest state court, and therefore, Claims 4, 6-10, and 14 are unexhausted. (*See* ECF No. 31-38 (Ex. 115); ECF Nos. 43-5, 44-1, 45-1, 46-1 (collectively, Ex. 200).)

### B.     Ground 4

Walker asserts that his trial resulted in a clearly erroneous jury verdict in violation of his Sixth and Fourteenth Amendment rights (ECF No. 11 at 13). Respondents argue that federal ground 4 is unexhausted because Walker failed to present it as a federal constitutional violation (ECF No. 21 at 8-9). The Court disagrees. Walker presented this claim of insufficiency of the evidence on direct appeal. (ECF No. 31-38 (Ex. 115).) The Nevada Supreme Court, invoking Jackson *v. Virginia*, clearly considered whether Walker's federal due process rights were violated. 443 U.S. 307, 319 (1979). Accordingly, Ground 4 is exhausted.

### C.     Claim 3

Walker contends that the state district court's denial of severance prejudiced him and violated his Fifth, Sixth, and Fourteenth Amendment rights (ECF No. 12 at 1-3). Walker sufficiently alerted the Nevada Supreme Court that he was alleging violations of his federal constitutional rights when he raised this claim on direct appeal. (ECF No. 31-38 (Ex. 115).) Claim 3 is exhausted.

### D.     Noncognizable Claims – Grounds 3 and 6

Alleged errors in the state postconviction process do not attack the lawfulness of the detention/custody status and are not cognizable on federal habeas review. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989). Both Ground 3 and Ground 6 assert errors on state postconviction review: in Ground 3 Walker alleges that the state district court erred when it applied the law of the case doctrine to deny his claims in his state

4

postconviction petition, and in Ground 6 he argues that the state district court abused its discretion when it dismissed most of his state postconviction claims without an evidentiary hearing (ECF No. 11 at 12-13, 16-17). Grounds 3 and 6 are dismissed as noncognizable in federal habeas corpus.

### E. Duplicative Claims

Respondents argue that Claims 1, 2, and 5 are duplicative of Ground 1 (ECF No. 21 at 10-11). Ground 1 asserts that the evidence at trial was insufficient to support a felony murder conviction (ECF No. 11 at 7-11). In Claim 1 Walker argues that he is not guilty of first-degree murder because his sole intent was to pick up his dog from the apartment; in Claim 2 he alleges that he did not commit burglary but only went inside to get his dog; in Claim 5 he contends that he is not guilty of murder because the injuries he inflicted could not have killed the victim (ECF No. 12 at 1-2). The Court agrees with Respondents that Claims 1, 2, and 5 are duplicative of Ground 1. Thus, Claims 1, 2, and 5 are dismissed.

Respondents also contend that Claim 11 is duplicative of Ground 5 (ECF No. 21 at 11). Claim 11—that trial counsel failed to object to the prosecutor's misrepresentation on burglary—is duplicative of a subpart of Ground 5 (ECF No. 11 at 14-16; ECF No. 12 at 3). Claim 11, therefore, is dismissed as duplicative.

## III. PETITIONER'S OPTIONS REGARDING UNEXHAUSTED CLAIMS

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose*, 455 U.S. at 510. A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id*. In the instant case, the Court finds that Claims 4, 6-10, and 14 are unexhausted; Grounds 3 and 6 are dismissed as noncognizable on federal habeas review; and Claims 1, 2, 5, and 11 are dismissed as duplicative. Because the Court finds that the Petition contains unexhausted claims, Petitioner has these options:

///

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

544 U.S. at 277.

If Petitioner wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court and presents argument regarding the question of whether or not his unexhausted claims are plainly meritless. Respondents would then be granted an opportunity to respond, and Petitioner to reply. Or Petitioner may file a declaration voluntarily abandoning his unexhausted claims, as described above.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

///

## IV. CONCLUSION

It is therefore ordered that Respondents' motion to dismiss (ECF No. 21) is granted in part and denied in part as follows:

Claims 4, 6-10 and 14 are unexhausted;

Grounds 3 and 6 are dismissed as noncognizable on federal habeas review; and

Claims 1, 2, 5, and 11 are dismissed as duplicative.

It is further ordered that Petitioner will have 30 days to either: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this Court in a sworn declaration that he wishes to dismiss this Petition without prejudice in order to return to state court to exhaust his unexhausted claims; OR (3) file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. If Petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, Respondents may respond to such motion as provided in Local Rule 7-2.

It is further ordered that if Petitioner elects to abandon his unexhausted grounds, Respondents will have 30 days from the date Petitioner serves his declaration of abandonment in which to file an answer to Petitioner's remaining grounds for relief. The answer must contain all substantive and procedural arguments as to all surviving grounds of the Petition and must comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

It is further ordered that Petitioner will have 30 days following service of Respondents' answer in which to file a reply.

It is further ordered that if Petitioner fails to respond to this order within the time permitted, this case may be dismissed.

It is further ordered that Respondents' first, second, and third motions for extension of time to file a responsive pleading (ECF Nos. 17, 19, 20) are all GRANTED *nunc pro tunc*.

It is further ordered that Respondents' motion for leave to file document under seal (ECF No. 26) is granted.

DATED THIS 17th day of June 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE